DARIN D. SMITH
United States Attorney
JEREMY A. GROSS (WY Bar #7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003
Telephone: (307) 772-2124
jeremy.gross@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2025 SEP 26  PM 1: 35

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 25-CV-224-KHR |
| | ) | |
| CAMERON LEBLANC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1.      The United States of America brings this civil action against Defendant Cameron LeBlanc to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Defendant LeBlanc's receipt of Paycheck Protection Program funds to which he was not entitled.

### JURISDICTION AND VENUE

2.      This action arises under the FCA, and the common law.

3.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 because the United States is the plaintiff. The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367(a).

4.      The Court has personal jurisdiction over Defendant under 31 U.S.C. § 3732(a) because Defendant can be found, resides, or transacts business in this District, or has committed

the alleged acts in this District.

5.      Venue is proper in this district under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b)

as Defendant can be found in this District and the subject transactions took place in the District of

Wyoming.

## PARTIES

6.      Plaintiff, United States of America, guarantees and funds certain loans through the

Small Business Administration ("SBA").

7.      Defendant, Cameron LeBlanc, is a resident of Laramie County, Wyoming.

## STATEMENT OF FACTS

**A.      The Paycheck Protection Program**

8.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal

law enacted in or around March 2020 and designed to provide emergency financial assistance to

the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. One

source of relief provided by the CARES Act was the authorization of forgivable loans to small

businesses for job retention and certain other expenses, through a program referred to as the

Paycheck Protection Program ("PPP"). The program was modified and extended thereafter.

9.      To obtain a PPP loan, a qualifying business submitted a PPP loan application, which

was signed by an authorized representative of the business. The PPP loan application required the

business (through its authorized representative) to acknowledge the program rules and make

certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application

(SBA Form 2483), the small business (through its authorized representative) was required to

provide, among other things, its: (a) average monthly payroll expenses; and (b) number of

employees. These figures were used to calculate the amount of money the small business was

eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

10.    A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan and subsequent forgiveness process.

11.    The PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

12.    The application process to obtain a PPP loan required the eligible recipient to make the following good faith certifications and acknowledgments:

> a.    That the applicant was eligible to receive a PPP loan under the rules in effect at the time the application was submitted (the "PPP Rules");
>
> b.    That the uncertainty of current economic conditions made the loan request necessary to support the ongoing operations of the eligible recipient;
>
> c.    That the applicant was in operation on February 15, 2020, had not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent

contractors, as reported on Form(s) 1099-MISC;

d.      That the funds would be used to retain workers and maintain payroll or make payments for mortgage interest, rent, utilities, or other covered costs under the PPP Rules;

e.      That if the funds were knowingly used for unauthorized purposes, the federal government may find the individual legally liable for such charges as fraud;

f.      That not more than 40% of the loan proceeds may be used for non-payroll costs;

g.      That documentation verifying the number of full-time equivalent employees on payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities would be provided to the lender if required;

h.      That the eligible recipient had not received and would not receive another loan under the PPP;

i.      That the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects;

j.      That the applicant understood that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. §§ 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000.00; under 15 U.S.C. § 645 by imprisonment of not more than two years and/or a fine of not more than

$5,000.00; and, if submitted to a federally insured institution, under 18 U.S.C. § 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.00; and

k.    That the lender would confirm the eligible loan amount using the documents submitted by the applicant.

**B.    The False Claims Act**

13.    The FCA provides, in pertinent part, that any person who:

> (a)(1)(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]
>
> (a)(1)(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

is liable to the United States for three times the amount of damages which the United States sustains, plus a civil penalty per violation. 31 U.S.C. § 3729(a)(1).

14.    FCA penalties are regularly adjusted for inflation, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015. PL 114-74, Title VII, § 701(b), November 2, 2015, 129 Stat 584. For FCA violations occurring after November 2, 2015, the civil penalty amounts can reach up to $28,619.00 per false claim. 28 C.F.R. § 85.5.

15.    For purposes of the FCA, the terms "knowing" and "knowingly":

(A)    mean that a person, with respect to information—

(i)    has actual knowledge of the information;

(ii)    acts in deliberate ignorance of the truth or falsity of the information; or

(iii)    acts in reckless disregard of the truth or falsity of the information; and

(B)     require no proof of specific intent to defraud.

31 U.S.C. § 3729(b)(1).

16.     Under the FCA, the term "claim" includes requests to the United States for payment, whether made directly or indirectly to the United States. *Id.* § 3729(b)(2)(A).

17.     The FCA defines "material" to mean "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." *Id.* § 3729(b)(4).

## C.     Allegations against Defendant LeBlanc

18.     It is a violation of the FCA to knowingly obtain an SBA-guaranteed PPP loan which is not supplied in compliance with the PPP Rules, and to subsequently obtain forgiveness of such loan. Defendant, Cameron LeBlanc, was individually involved in obtaining a PPP loan and subsequently involved in obtaining forgiveness of that loan, in violation of the FCA.

19.     On or about April 23, 2021, Defendant Leblanc applied for a PPP loan on behalf of a single person LLC named "Cameron Leblanc." In reality, the LLC does not exist. In the PPP loan application, Defendant LeBlanc knowingly misrepresented his annual income and payroll costs, which were used in calculating the maximum loan amount for which Defendant LeBlanc was eligible. This knowing misrepresentation caused Defendant LeBlanc to receive loan proceeds well in excess of what he would be entitled, if any at all.

20.     On or about April 26, 2021, Defendant LeBlanc received a PPP loan in the amount of $20,416.00 based upon his misrepresentations in the loan application.

21.     Defendant LeBlanc knowingly used the PPP loan funds for unauthorized purposes.

22.     Defendant LeBlanc knowingly misrepresented his use of the funds on the forgiveness application submitted for the PPP loans. Based upon the false representations, the SBA forgave the loan on or about January 10, 2022. That forgiveness included both the principal of

$20,416.00 and interest of $143.19.

23.     In addition to the principal amount, the SBA paid $2,500.00 in processing fees to the lending institution in connection with the PPP loans disbursed to Defendant LeBlanc.

24.     Defendant LeBlanc also submitted false statements and documents to the lending institution, which misrepresented the amount of eligible payroll of the business, as well as the number of employees at the time of the application and forgiveness. These false statements in the loan and forgiveness applications were material to the payment of money by the lending institution, which was then reimbursed by the SBA, causing damages to the United States.

**COUNT I**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**
**Presenting or Causing False Claims to Be Presented for Payment**

25.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

26.     Defendant LeBlanc knowingly requested and obtained a PPP loan for an amount he was not entitled to, in violation of the PPP Rules.

27.     Defendant LeBlanc knowingly requested and received forgiveness of the PPP loan, despite his failure to comply with the PPP Rules.

28.     By virtue of these false claims, the United States was damaged for the full amount of the PPP loans and the processing fee paid to the lending institution, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

**COUNT II**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(B)**
**Making or Using False Records or Statements**

29.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

30.     Defendant LeBlanc knowingly submitted a PPP loan application that contained misrepresentations regarding his payroll costs and intended use of the PPP funds.

31.    Defendant LeBlanc subsequently knowingly submitted a PPP forgiveness application that misrepresented his use of the PPP funds and eligibility for loan forgiveness.

32.    By virtue of these false statements, the United States was damaged for the full amount of the loans and the processing fee paid to the lending institution, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

## COUNT III
### Unjust Enrichment

33.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

34.    This is a claim for the recovery of monies by which Defendant LeBlanc has been unjustly enriched.

35.    By obtaining from the United States, through the lending institution, funds to which he was not entitled, Defendant LeBlanc was unjustly enriched, and the United States is entitled to damages in an amount of $20,559.19 plus loan processing fees and interest, together with any other damages to be determined at trial.

## COUNT IV
### Payment by Mistake

36.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

37.    This is a claim for the recovery of monies the United States paid directly or indirectly to Defendant LeBlanc as a result of mistaken understandings of fact.

38.    The United States' mistaken understandings of fact were material to its decision to approve and then forgive the PPP loan, which facts were provided by Defendant LeBlanc.

39.    The United States, acting in reasonable reliance on the truthfulness of the statements contained in the PPP loan applications, approved the loan to Defendant LeBlanc to which he was not entitled.

40.    The United States, acting in reasonable reliance on the truthfulness of the statements contained in the PPP loan forgiveness application, forgave the PPP loan when Defendant LeBlanc was not eligible for loan forgiveness.

41.    Thus, the United States is entitled to recoup the amount of the PPP loans plus any other amounts to be determined at trial.

## PRAYER FOR RELIEF AND JURY DEMAND

The United States requests that the Court enter judgment against Defendant LeBlanc and grant the following relief:

(a) On Counts I and II (False Claims Act), awarding the United States treble the damages it sustained for (1) the $20,559.19 loan plus one percent interest applied from the date of the loan and (2) the processing fee paid by the United States to the lending institution, together with the maximum civil penalties allowed by law;

(b) On Count III (Unjust Enrichment), awarding the United States the amount by which Defendant LeBlanc was unjustly enriched;

(c) On Count IV (Payment by Mistake), awarding the United States the amount mistakenly paid to Defendant LeBlanc;

(d) awarding the United States pre- and post-judgment interest, costs, and filing fees; and

(e) granting such other relief as the Court may deem just and proper.

The United States further demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted this 26th day of September 2025.

Darin D. Smith
United States Attorney

By: _____

Jeremy A. Gross (WY Bar # 7-5110)
Assistant United States Attorney
P.O. Box 668
Cheyenne, WY 82003
T: 307-772-2124
E: Jeremy.gross@usdoj.gov