DARIN D. SMITH
United States Attorney
Z. SETH GRISWOLD (WY BAR #7-5809)
C. LEVI MARTIN (WY Bar #6-3781)
Assistant United States Attorneys
MICHAEL HAGEN
Student Intern
P.O. Box 668
Cheyenne, WY  82003-0668
Telephone: 307-772-2124
christopher.martin@usdoj.gov
seth.griswold@usdoj.gov
michael.hagen@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 25-cv-224-KHR |
| | ) | |
| CAMERON LEBLANC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S
## MOTION FOR CONTEMPORANEOUS
## TRANSMISSION TESTIMONY

Plaintiff United States of America, by and through the United States Attorney for the

District of Wyoming and Assistant United States Attorneys Z. Seth Griswold and C. Levi Martin,

and Student Intern Michael Hagen, submits this response to Defendant's *Motion for*

*Contemporaneous Transmission Testimony*. (Dkt. 19).

### INTRODUCTION

The Defendant brings this *motion* to request the court allow contemporaneous transmission of his own testimony at trial pursuant to Fed. R. Civ. P. 43. (*Id.*). The Defendant has voluntarily moved to Louisiana since the filing of this *Complaint* and argues that his overall financial situation creates compelling circumstances rendering travel to Wyoming unduly burdensome. (*Id.*). The United States objects to the Defendant, a party in this case, testifying by video. As stated by the Defendant, "his testimony is critical to this case." (Dkt. 19 at 1). His voluntary relocation to another state after this case was filed is a self-imposed hardship, not an unexpected barrier. Because the Defendant has not shown good cause in compelling circumstances for allowing him to appear and testify remotely, this motion must be denied.

### LEGAL STANDARD

Testimony may be taken in open court through contemporaneous transmission from a remote location "[f]or good cause in compelling circumstances and with appropriate safeguards". Fed. R. Civ. P. 43(a). The committee notes for Rule 43 explain live testimony in court should always be preferred, and "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43 (advisory committee notes to the 1996 amendment). The committee notes also explain when "good cause" and "compelling circumstances" are likely to arise. The most persuasive showings include when the witness can no longer attend the trial for unexpected circumstances, "such as accident or illness, but remains able to testify from a different place." *Id*. at ¶ 4. The committee states contemporaneous transmission is the preferred alternative to having to reschedule the trial or risk the witness become unavailable for a later date. *Id*. It appears the "good cause" standard is anticipated for witnesses who are already expected to attend the trial. *See Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS Dkt. 387 at 4, 2020 WL 9812009, *3 (D. Wyo. Dec. 2, 2020). "A party who could reasonably foresee the

circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Ali v. Lambert*, No. 20-5084, 2021 WL 3009712, *2 (10th Cir. July 16, 2021) (unpublished) (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). The decision to allow for remote testimony is permissive, not mandatory, and is left to the discretion of the district court. *Eller v. Trans Union, L.L.C.*, 739 F.3d 467, 477 (10th Cir. 2013).

### ARGUMENT

"The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling." Fed. R. Civ. P. 43(a) (advisory committee's note to 1996 amendment). "The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." *Id*.; *Ali*, 2021 WL 3009712, *2, (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). While requests made under Rule 43 concerning testimony from parties to a suit are rare, courts that have considered such motions rigorously scrutinize the movant's showing of compelling circumstances. *See Bioconvergence LLC v. Attariwala*, No. 1:19-CV-01745-SEB-MG, 2023 WL 4494020 *3 (S.D. Ind. June 29, 2023) (denying a pro se defendant's request to appear remotely under Rule 43 because, in part, "[h]er reasons, including the expense of travel and childcare needs, are far from unexpected circumstances" and she was on notice of the need to travel for a significant amount of time). In *Eller*, a party requested a witness testify remotely because the witness lived in Portland, Oregon (with trial in Colorado). *Eller*, 739 F.3d at 478. The Tenth Circuit upheld a decision denying the Rule 43 motion, finding the witness living in another state was not unexpected and the party could have made arrangements ahead of time for introducing the testimony. *Id*. In a later case, the Tenth Circuit reiterated, "financial hardship isn't the type of 'unexpected reason[]' that is

'typically required in a showing of good cause for telephonic testimony.'" *Gil-Leyva v. Leslie*, 780 F. App'x 580, 587 (10th Cir. 2019) (quoting *Eller*, 739 F.3d at 478).

The Defendant in the instant case falls short of showing good cause in compelling circumstances. Instead, his situation amounts to a foreseeable and self-imposed inconvenience, of which he had ample notice. His unemployment is not a recent surprise but rather the result of events intertwined with his fraudulent actions. As the Defendant acknowledges, he moved to Louisiana after the Complaint was filed. (Dkt. 19 at 2; Dkt. 19-1 at ¶ 3). He was served on October 2, 2025, at F.E. Warren Air Force Base in Cheyenne, Wyoming, where he was living. (Dkt. 4 at 2). While the Defendant's financial situation may present challenges, these barriers were predictable early in the case and do not constitute good cause for his remote appearance. The travel is a hardship self-imposed by the Defendant voluntarily moving outside this Court's jurisdiction while this case was pending.

The cases cited by the Defendant in support of his argument, *Blackmore* and *Lopez*, (Dkt. 19 at 3), are distinguishable from his own situation. Both cases concern non-party witnesses with travel costs and logistics far more burdensome than those faced by the defendant. In *Blackmore*, a district judge permitted remote testimony for a critical defense witness that resided internationally in Palau, over 7,000 miles away from the location of the trial. *Blackmore v. Ramirez*, No. 4:21-CV-00026-AMA-PK, 2025 WL 1311121, *2 (D. Utah May 6, 2025). In *Lopez*, a district court permitted remote witness testimony when Honduran residents with "strikingly few financial resources" would incur international travel costs and visa application fees in order to travel for trial. *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010). These cases also do not involve a party to the case, whose testimony and credibility is going to be paramount to the jury and must be presented via live testimony.

The Defendant states he does not have the funds necessary to purchase airline travel, lodging, or daily sustenance. (Dkt. 19-1 at ¶ 5). Airline is not the only mode of travel and as of August 3, 3036, Greyhound's website shows tickets from New Orleans to Cheyenne for $233. Online searches show hotels in the area at the time of trial as low as $50 per night. The Defendant clearly is able to provide daily sustenance for himself in his current situation and it's unclear why that would stop in Cheyenne for a few days.

## CONCLUSION

The Defendant's situation is not analogous to an indigent witness in a foreign country, nor to a non-party witness permanently residing in a far-off island nation. The Defendant resides in the United States, he is a party to this case, he intends to testify to matters critical to his defense, (Dkt. 17 at 1), and he has known about this trial setting since January 9, 2026. (Dkt. 12 at 12). The Defendant's predictable and self-imposed inconvenience is not sufficient to be exempted from the normal requirement that "[a]t trial, the witnesses' testimony must be taken in open court". Fed. R. Civ. P. 43(a). Accordingly, this motion must be denied.

Dated this 4th day of August 2026.

Respectfully Submitted,

DARIN D. SMITH
United States Attorney

By: /s/ Seth Griswold
Z. SETH GRISWOLD
Assistant United States Attorney
C. LEVI MARTIN
Assistant United States Attorney
MICHAEL HAGEN
Student Intern